# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. **0:22-v-61135**

| | |
|---|---|
| COOLIT SYSTEMS INC. a Canadian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICROTECHNOLOGIES S.A., LLC, a Florida Limited Liability Company<br><br>Defendant. | |

Plaintiff CoolIT Systems, Inc. ("CoolIT" or "Plaintiff") hereby complains against Defendant Microtechnologies S.A., LLC ("Micro" or "Defendant") and alleges as follows:

## PARTIES

1. Plaintiff CoolIT Systems, Inc. is a Canadian corporation with its principal place of business in Calgary, Alberta, Canada.

2. Defendant Microtechnologies S.A., LLC is a Florida limited liability company with a principal place of business in Pompano Beach, Florida.

## JURISDICTION AND VENUE

3. The present action is for breach of contract and related claims arising from Micro's breach of production agreements with CoolIT, in which Micro provided certain parts that caused significant coolant leaks damaging CoolIT systems provided to CoolIT customers.

4. The Court has diversity jurisdiction over this action because Plaintiff is a Canadian Company with its principal place of business in Calgary, Alberta, Canada and Defendant is a

limited liability company incorporated under the laws of Florida with its principal place of business in Florida. The amount in controversy without interest and costs exceeds the sum or value specified by 28 U.S.C. § 1332.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## **GENERAL ALLEGATIONS**

6. In 2020, Micro and CoolIT entered into an agreement (the "Agreement") by which Micro agreed to provide certain parts to CoolIT to be manufactured according to specifications, and for assembly by CoolIT and ultimate delivery to CoolIT customers for use in sophisticated cooling systems (the "Parts") in exchange for payment.

7. Micro represented and warranted to CoolIT that it could and would manufacture the Parts according to the specifications provided by CoolIT for the purpose CoolIT had for the Parts.

8. CoolIT relied upon Micro's skill to manufacture the Parts to the specifications CoolIT provided, and for the purpose CoolIT had for the Parts.

9. Micro provided the Parts to CoolIT, and they were assembled into 5,623 Bard Peak Units (Part Number 900-01448) and 614 Grizzly Peak Units (Part Number 900-01066), which were subsequently sold to CoolIT's customers.

10. CoolIT complied with its obligations under its agreement with Micro.

11. Several CoolIT end customers experienced catastrophic leaks due to parting line issues with the Parts (the "Parting Line Offset Failures").

12. The Parting Line Offset Failures were due to Micro not meeting specifications on the parting line offset measurement.

2

13. The Parting Line Offset Failures at CoolIT customer locations resulted in significant damages, in excess of $2,024,636.10, to CoolIT.

14. CoolIT has also experienced significant reputational damage as a result of Micro's actions.

15. All conditions precedent have occurred or been performed.

### FIRST CLAIM FOR RELIEF
(Breach of Express Warranty under §672.313, *Florida Statutes*)

16. Plaintiff incorporates by reference paragraphs 1 through 15 above.

17. CoolIT and Micro entered into a contract whereby Micro would build and deliver the Parts pursuant to strict specifications provided by CoolIT.

18. Micro represented and warranted to CoolIT that it could and would produce the Parts to the specifications CoolIT provided, which became part of the basis of the bargain.

19. Those representations and warranties were express warranties as provided for in §672.313, *Florida Statutes*. Micro's express warranties were incorporated into the terms of the agreement between CoolIT and Micro.

20. The Parts did not conform to Micro's representations and warranties as contracted, and as a result, CoolIT suffered damages and is entitled to relief pursuant to §672.711 and §627.714, *Florida Statutes*, which includes incidental and consequential damages under §672.715.

### SECOND CLAIM FOR RELIEF
(Breach of Implied Warranty of Fitness for Particular Purpose
under §672.315, *Florida Statutes*)

21. Plaintiff incorporates by reference paragraphs 1 through 15 above.

22. CoolIT and Micro entered into a contract whereby Micro would build and deliver the Parts pursuant to strict specifications provided by CoolIT for a particular purpose.

Lapin & Leichtling, LLP, 255 Alhambra Circle, Suite 600, Coral Gables, Florida 33134 (305) 569-4100

23.   At the time of contracting, Micro had reason to know of the particular purpose for which the Parts were required, and that CoolIT was relying on Micro's skill and judgment to select or furnish suitable Parts.

24.   There was an implied warranty that the Parts shall be fit for such purpose as provided in §672.315, *Florida Statutes*.

25.   The Parts were not fit for their particular purpose, and as a result, CoolIT suffered damages and is entitled to relief pursuant to §672.711 and §627.714, *Florida Statutes*, which includes incidental and consequential damages under §672.715.

### THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

26.   Plaintiff incorporates by reference paragraphs 1 through 5, and 15 above.

27.   CoolIT has conferred a benefit on Micro of $114,947, paid to Micro for certain parts to be manufactured according to specifications, and for assembly by CoolIT and ultimate delivery to CoolIT customers for use in sophisticated cooling systems (the "Parts").

28.   Micro voluntarily accepted and retained the benefit of $114,947, conferred by CoolIt.

29.   In exchange for the benefit, CoolIT received no value, but rather, non-conforming Parts that have caused catastrophic damage to CoolIT and CoolIT customers.

30.   Under such circumstances, it would be inequitable for Micro to retain the money CoolIT paid to Micro without first paying the value thereof to CoolIT.

31.   CoolIT is entitled to an award of all money paid by CoolIT to Micro, in no event less than $114,947.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

1. Judgment in favor of Plaintiff finding Defendant liable for breach of express warranty under §672.313 Florida Statutes, and breach of implied warranty of fitness for a particular purpose under §672.315, Florida Statutes;

2. An award to Plaintiff of all damages adequate to compensate for Defendant's breach of contract in an amount to be determined at trial, and in no event less than $2,024,636.10, including (without limitation), general damages, consequential damages, costs and fees incurred to uncover and determine the cause of the damages, and costs of remediating's breach;

3. An award to Plaintiff of all benefits conferred by Plaintiff on Defendant and inequitably retained by Defendant, in an amount to be determined at trial, in no event less than $114,947;

4. An award to Plaintiff of their costs and expenses in this action;

5. An award to Plaintiff of pre-judgment and post-judgment interest on all damages; and

6. Such other and further relief as may be just and equitable under the circumstances.

## JURY DEMAND

A trial by jury is demanded for all issues so triable.

Date: June 15, 2022                            Respectfully submitted,

By: **Jeffrey S. Lapin**
Jeffrey S. Lapin (Florida Bar #: 993298)
jlapin@ll-lawfirm.com
Lapin & Leichtling, LLP
255 Alhambra Circler, Suite 600
Coral Gables, FL 33134
Telephone No.: (305) 569-4100
Facsimile No.: (305) 569-0000
*Attorneys for Plaintiff*

5